UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO NEAL,

    Plaintiff,

Case No. 17-13170

v.

Hon. John Corbett O'Meara

CITY OF DETROIT and
ARIC TOSQUI, Captain, in his
individual and official capacity,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTION TO STRIKE PLEADINGS**

Before the court is Defendants' motion to strike Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Specifically, Defendants seek to strike portions of Plaintiff's complaint that refer to the issuance of a determination or conciliation agreement by the Equal Employment Opportunity Commission. Plaintiff alleges in his complaint that Defendants discriminated against him on the basis of race by subjecting him to disparate treatment. Plaintiff filed a complaint with the EEOC, which issued a determination on February 3, 2017, and proposed a conciliation agreement. Compl. at ¶¶ 17-20. Subsequently, the EEOC issued a right to sue letter to Plaintiff on June 30, 2017.

Id. Plaintiff attached the EEOC's determination, proposed conciliation agreement, and right to sue letter to the complaint. Compl. at Exs. 1-3.

Defendants move to strike these exhibits, as well as the paragraphs of the complaint that reference them. Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. Although it is within the court's discretion to strike material pursuant to Rule 12(f), "[m]otions to strike are viewed with disfavor and are not frequently granted." Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015). "An allegation is 'impertinent' or 'immaterial' when it is not relevant to the issues involved in the action. 'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.'" State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015) (citations omitted). See also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004) ("[B]ecause federal judges have made it clear . . . that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or 'time wasters,' there appears to be general judicial agreement . . . that they should be denied unless the challenged allegations

have no possible relation or logical connection to the subject matter of the controversy.").

Defendants argue that the EEOC materials at issue should be stricken because they are not admissible pursuant to Federal Rules of Evidence 403 and 408. However, Defendants cite no authority for the proposition that inadmissible material must be stricken from the complaint. Defendants have not met the applicable standard by demonstrating that the allegations at issue are redundant, immaterial, impertinent, or scandalous.

Therefore, IT IS HEREBY ORDERED that Defendants' motion to strike is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date: March 19, 2018


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 19, 2018, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager